UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HERBERT LONG,

                                        Plaintiff,

    vs.                                                                 9:07-CV-268
                                                                                (LEK/GJD)

D. KLOSE, et al.,

                                        Defendants.
_____

HERBERT LONG
Plaintiff *pro se*
BRUCE BOIVIN, Asst. Attorney General
for Defendants

GUSTAVE J. DI BIANCO, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, Senior United States District Judge pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

In this amended civil rights complaint, plaintiff alleges that his due process rights were violated before and during a disciplinary hearing held against him. (Dkt. No. 10). Plaintiff seeks only monetary relief. Presently before the court is defendants' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). (Dkt. No. 25). Plaintiff has responded to defendants' motion, and defendants have filed a reply. (Dkt. Nos. 31, 32). For the following reasons, this court agrees with defendants and will recommend dismissal of the complaint.

**DISCUSSION**

1. **Motion to Dismiss**

A court may not dismiss an action pursuant to Rule 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994) (citing *inter alia Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The court must accept the material facts alleged in the complaint as true. *Id*. (citing *Cooper v. Pate,* 378 U.S. 546 (1964)(per curiam)). In determining whether a complaint states a cause of action, great liberality is afforded to *pro se* litigants. *Platsky v. Central Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)(citation omitted).

2. **Facts**

In his amended complaint,[1] plaintiff alleges that on June 15, 2005, defendant Senior Investigator Klose of the New York State Inspector General's Office began an investigation of plaintiff, who was incarcerated at Upstate Correctional Facility. Amended Complaint (AC) ¶ 11. On July 20, 2005, Inspector Klose issued a misbehavior report, charging plaintiff with disciplinary rule violations of Drug Possession and Smuggling. *Id.* On July 25, 2005, plaintiff was afforded a disciplinary

---

[1] Although there was some confusion initially regarding plaintiff's filings, it is clear that the amended complaint that is before the court was filed on May 23, 2007. (Dkt. No. 10). Plaintiff was originally ordered to file an amended complaint by order dated April 6, 2007. (Dkt. No. 4). Plaintiff submitted an amended complaint for filing, which was reviewed, and service was ordered by Senior Judge Kahn. (Dkt. Nos. 5, 6). In the interim, plaintiff filed a second amended complaint, purportedly making some corrections in the first amended complaint. (Dkt. No. 10). By order dated May 24, 2007, Senior Judge Kahn struck the first amended complaint from the docket and directed the service of the second amended complaint. (Dkt. No. 11).

hearing on these charges. *Id.* The hearing was conducted by defendant Bullis. *Id.* Plaintiff claims that defendant Bullis violated New York Rules and Regulations by allowing the admission of two letters written by plaintiff as evidence at the hearing. *Id.* ¶ 12. Plaintiff claims that these letters were "outgoing" mail that should not have been opened or read without authorization from the Superintendent and notice to plaintiff. *Id.* ¶ 13.

On July 25, 2005, defendant Bullis found plaintiff guilty of the misbehavior and sentenced him to one year in the Special Housing Unit (SHU); one year recommended loss of good time; and one year loss of telephone, commissary, and package privileges. *Id.* ¶ 15. Plaintiff claims that the sentence was excessive. *Id.* ¶ 16. Plaintiff remained in SHU from July 26, 2005 until June 5, 2006. Plaintiff also alleges that on August 4, 2005, he was issued another misbehavior report, written by defendant Klose, charging plaintiff with the same violations, using two more of plaintiff's letters as evidence. Plaintiff was afforded a disciplinary hearing, but he states that the charges were eventually dismissed because "the evidence did not substantiate the charges." *Id.* ¶ 19.

Plaintiff also alleges that notwithstanding his placement in segregated confinement, defendant Klose continued to withhold, open, read, and inspect plaintiff's outgoing mail. *Id.* ¶ 20. Plaintiff states that as a result of this disciplinary determination, he spent 338 days in SHU. *Id.* ¶ 36. Plaintiff states that if defendants had followed the regulations, plaintiff would not have been found guilty of the misbehavior because his letters would have been "deemed inadmissible" at the

3

disciplinary hearing. *Id.* ¶ 31. Plaintiff states that he brought an administrative appeal and a grievance, challenging the result of the disciplinary hearing. *Id.* ¶ 36. Both were denied at all levels. *Id.*

On September 23, 2005, plaintiff brought an Article 78 proceeding in New York State Court, seeking judicial review of the disciplinary determination. Boivin Decl. Ex. A (Plaintiff's Art. 78 Petition). Plaintiff argued that his due process rights were violated because the manner in which the evidence was gathered violated state law; insufficient evidence existed to find plaintiff guilty; and the punishment was too severe. Boivin Decl. Ex. A, ¶¶ 6-8. Plaintiff's Article 78 proceeding was transferred to the Appellate Division, Third Department. Boivin Decl. Ex. B. The Appellate Division dismissed plaintiff's application on September 28, 2006. Boivin Decl. Ex. E.

### 3.   *Heck v. Humphrey*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a section 1983 action, seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. 512 U.S. at 486-87. *Edwards v. Balisok*, 520 U.S. 641 (1997) extended the rationale in Heck to section 1983 challenges to prison disciplinary proceedings in which a decision in plaintiff's favor would necessarily reverse the administrative decision revoking a plaintiff's good-time credits, thereby affecting the length of the plaintiff's confinement. 520 U.S. at 644.

4

The court held that plaintiff's claim would not be cognizable until the disciplinary finding had been overturned through administrative channels or by a state or federal court in a habeas action. Id.  This has been referred to as the "favorable termination" requirement. *McEachin v. Selsky*, 225 Fed. Appx. 36, 37 (2d Cir. 2007). The Second Circuit has also held that a section 1983 suit challenging the validity of a disciplinary sanction that does ***not*** affect the length of the plaintiff's confinement is not barred by *Heck* and *Edwards*. *Jenkins v. Haubert*, 179 F.3d 19 (2d Cir. 1999).

In this case, the court would first point out that plaintiff's sentence included a recommended loss of good time.  A review of plaintiff's challenges to the hearing shows that a decision in plaintiff's favor would affect the length of his confinement by affecting the loss of good time.  Plaintiff has not obtained a reversal of the disciplinary determination, notwithstanding his Article 78 proceeding.  Generally, this would require the court to dismiss the plaintiff's case under *Edwards*.

However, as plaintiff notes, in *Peralta v. Vasquez*, 467 F.3d 98, 104 (2d cir. 2006), the Second Circuit held that an inmate who is subject to "mixed sanctions" can proceed separately under section 1983 with a challenge to the sanctions affecting his "conditions" of confinement without satisfying the "favorable termination" rule if plaintiff is "***willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement***." *Id.* (emphasis in original).

In this case, plaintiff was subjected to a "mixed sentence."  A mixed sentence is one in which the inmate is confined in SHU, loses privileges, and loses good time. Based on *Peralta*, if plaintiff is willing to forever forego a challenge to the loss of

5

good time, he may proceed with a challenge to the SHU confinement and the loss of privileges. *Id.* Plaintiff in this case has specifically stated that he is willing to forego any challenge to the loss of good time. Amended Complaint ¶ 36. If it were not for plaintiff's waiver, this court would have recommended dismissal based upon *Edwards*. However, the court may proceed to consider the case further.

**4.     Collateral Estoppel**

Defendants argue that plaintiff's claims are barred by the doctrine of collateral estoppel based upon the Appellate Division's denial of plaintiff's Article 78 proceeding. Under the Full Faith and Credit Statute, 28 U.S.C. § 1738, the federal court must afford a prior state court judgment the same preclusive effect that the judgment would be given in the courts of the state in which it was decided. *Giakoumelos v. Coughlin*, 88 F.3d 56, 59 (2d Cir. 1996)(citing *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466 (1982)).

Pursuant to New York law, the doctrine of collateral estoppel applies when a litigant in a prior proceeding asserts an issue of fact or law in a subsequent proceeding, and the issue has been necessarily decided in the prior action, is decisive of the present action, and the litigant had a full and fair opportunity in the prior action to contest the decision. *Id.* (citing *Schwartz v. Public Administrator*, 24 N.Y.2d 65, 71, 298 N.Y.S.2d 955, 246 N.E.2d 725 (1969)). The party asserting issue preclusion bears the burden of showing that the identical issue was decided in the prior proceeding, and the party opposing issue preclusion bears the burden of showing the absence of a full and fair opportunity to litigate in the prior proceeding. *Colon v.*

*Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995)(citation omitted).

Collateral estoppel or issue preclusion is distinguished from res judicata or claim preclusion. Claim preclusion bars the entire action if plaintiff could have raised his claims in the prior proceeding. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Claim preclusion generally does not bar a section 1983 action after the resolution of a case where the full measure of relief available in a 1983 action is not available in the state proceeding. *See Davis v. Halpern*, 813 F.3d 37, 39 (2d Cir. 1987)(Article 78 proceedings).

In *Wright v. Coughlin*,[2] the court held that res judicata would not bar the federal action because the plaintiff could not have litigated his civil rights claim against the individual officers in his New York Court of Claims action. However, even if the entire action is not barred by res judicata, in certain circumstances, collateral estoppel may bar the re-litigation of ***individual issues*** that were necessary to the prior judgment. *Id.* (New York Court of Claims decision given collateral estoppel effect). *See Jensen v. Cavanaugh*, 9 F. Supp. 2d 393, 396 (S.D.N.Y. 1998)(an Article 78 proceeding may have issue preclusive effect in a section 1983 action, but not claim preclusive effect).

As stated above, the party seeking the benefit of collateral estoppel has the burden of showing the identity of the issues, and the party opposing the application of collateral estoppel has the burden of showing that he or she did not have a full and fair

---

[2] 85-CV-624, 1987 U.S. Dist. LEXIS 10121, *2 (S.D.N.Y. 1987), *aff'd*, 868 F.2d 1268 (2d Cir. 1988)(Table).

opportunity to litigate the claims in the prior action. *D'Andrea v. Hulton*, 81 F. Supp. 2d 440, 443 (W.D.N.Y.), *adopted by* 1999 U.S. Dist. LEXIS 20701(W.D.N.Y. Dec. 17, 1999)(citing *inter alia Khandhar v. Elfenbein*, 943 F.2d 244, 247 (2d Cir. 1991)). In order to find identity of issues, the court must find that the issue to be decided in the second action was material to the first action and essential to the decision in the first action. *Id.* The court must also find that a different judgment in the second action would destroy or impair rights or interests established by the first action. *Id.* (citing *Schuylkill Fuel Corp. v. Nieberg Realty Corp.*, 250 N.Y. 304, 307, 165 N.E.2d 456 (1929)).

In this case, defendants have submitted as an exhibit, the papers associated with plaintiff's Article 78 proceeding.[3] Defendants' Ex. A. In the Article 78 petition, plaintiff challenged the admission of his two letters as evidence based upon the alleged violation of the New York State regulations governing the reading of outgoing mail. Defendant's Ex. A at ¶ 7. Plaintiff also claimed that the evidence was insufficient to find him guilty of the misbehavior, alleging that the hearing officer's decision was "arbitrary and capricious." *Id.* ¶¶ 6, 7-8. Plaintiff also mentioned the second disciplinary hearing that was dismissed because the evidence did not substantiate the charges. *Id.* ¶ 9. Finally, plaintiff claimed that the sentence was excessive. *Id.* ¶ 6.

---

[3] As defendants point out, review of a motion to dismiss is generally limited to the facts and allegations in the complaint alone, the court may take judicial notice of public records, including complaints filed in State court. *Blue Tree Hotels Inv., Ltd. v. Starwood Hotels & Resorts*, 369 F.3d 212, 217 (2d Cir. 2004)(citations omitted).

Plaintiff's brief to the Appellate Division contained four points: the investigation and the subsequent disciplinary hearing were not conducted in accordance with the rules; plaintiff did not get a fair hearing and the determination was not supported by substantial evidence; there was no evidence to show that plaintiff violated any DOCS rules or regulations; and the sentence was excessive. Defendants' Ex. C (Plaintiff's Appellate Division Brief) p.2.  Plaintiff submitted complete documentation and case law support for his claims. *Id.* at p.9 & Exs. A-E. The respondent also fully briefed the issues in opposition to plaintiff's Article 78 petition. Defendants' Ex. D (Respondent's Brief).

On September 28, 2006, the Appellate Division held that the misbehavior report, together with petitioner's letters and the audio-taped telephone conversation referencing the delivery of "dope" to the facility provided substantial[4] evidence to support the determination of guilt. Defendants' Ex. E, *Matter of Long v. Goord*, 32 A.D.3d 1121, 821 N.Y.S.2d 488 (3d Dep't 2006).  The Appellate Division also found that the sentence was not excessive and that all plaintiff's remaining claims were without merit or unpreserved. *Id.* 32 A.D.3d at 1122, 821 N.Y.S.2d at 489.

It is clear that plaintiff brought ***identical*** claims in the Appellate Division, he had a ***full and fair opportunity to litigate those claims***, and the Appellate Division

---

[4] The court notes that the New York State standard for sufficiency of evidence in a disciplinary hearing is stricter than the constitutional requirement.  The New York standard is substantial evidence, while the constitutional standard requires only "some" or "a modicum" of evidence to support the disciplinary determination. *Compare Superintendent v. Hill*, 472 U.S. 445, 455 (1985)(some evidence standard) *with Matter of Roman v. Selsky*, 42 A.D.3d 721, 838 N.Y.S.2d 452 (3d Dep't 2007)(substantial evidence standard).

denied his claims on the merits.  The issues in this case were certainly material to the issues in the Appellate Division and essential to the determination made by the Appellate Division.  A different decision here would certainly impair the findings established by the Appellate Division.  Thus, collateral estoppel bars plaintiff's re-litigation of any of the issues that he raises in this case.

Plaintiff attempts to argue that he may bring this civil rights action because he could not have received the full measure of relief in his Article 78 proceeding and that res judicata cannot apply to him in this case.  Plaintiff is correct, however, as stated above, the fact that he can *bring* the section 1983 action does not mean that he can re-litigate specific issues from his Article 78 proceeding.  In *Giakoumelos v. Coughlin*, the Second Circuit held that "[c]ollateral estoppel in a subsequent § 1983 action is one of the risks" attendant to the plaintiff's decision to challenge the disciplinary determination in an Article 78 proceeding. 88 F.3d at 61.  Plaintiff's argument in opposition to the application of collateral estoppel cannot succeed.  Thus, plaintiff's complaint must be dismissed.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 25) be **GRANTED**, and the complaint **DISMISSED IN ITS ENTIRETY**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**

*Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: March 5, 2008

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge